Agustín Daviu Viscal, demandante y recurrido, *v.* Miriam Frau Subirá, demandada y recurrente.

Número: R-66-6     Resuelto: 5 de septiembre de 1967

*Raúl Matos, Raúl E. Matos* y *Armando Irizarry Hernández,* abogados de la recurrente; *William Morales Torres,* abogado del recurrido.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Santana Becerra y Dávila.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

La demandada recurrente le tenía arrendado al demandante recurrido un local en la planta baja de un edificio en la calle Reina de Ponce. La demandada recurrente presentó una acción civil para lograr el desalojo de dicha propiedad por necesitar de buena fe recobrar la posesión del local con el propósito de demolerlo para construir sobre el mismo un nuevo edificio, según los planos debidamente aprobados por las autoridades correspondientes. El demandante recurrido se vio obligado a desalojar el edificio no sin antes firmarse por las partes los documentos de ulterior arrendamiento en el nuevo edificio construido que exige el inciso 8o.

del Art. 12 (a) letras (f) y (g) adicionado a la Ley Núm. 464 de 25 de abril de 1946—17 L.P.R.A. sec. 193. Tan pronto la demandada recurrente tuvo vacío el edificio, procedió a la demolición total del mismo, aunque, por haber encontrado ciertos inconvenientes en su plan de financiamiento a largo plazo no ha podido proceder a la construcción del nuevo edificio.

Ésta es una acción para recobrar los daños sufridos por el inquilino por motivo del desalojo solicitado por la dueña arrendadora. Hemos examinado minuciosamente todas las circunstancias que constan de los autos y honradamente creemos que no se le puede imputar a la demandada recurrente ningún acto de mala fe, negligencia o ánimo alguno de perjudicar al demandante recurrido, causa esencial para la acción genérica de daños que hemos consagrado en otros casos. El hecho de no haber podido conseguir el financiamiento bancario necesario para la nueva edificación no da causa de pedir para una indemnización que trata de proteger al inquilino de la mala fe, la conducta dolosa o la simulación de empresa utilizada para obtener el desalojo del inquilino.

El caso de *Martínez* v. *Llavat*, 86 D.P.R. 235 (Santana Becerra) (1962), cita precisa a las págs. 247–248, en que parece descansar la decisión de la ilustrada Sala sentenciadora, es distinto. En ese caso el arrendador requirió por escrito al demandante para que desalojara el local en el término de seis meses expresándole que el edificio estaba en males condiciones y había decidido demolerlo para reconstruirlo y habilitar en su lugar un almacén. Como consecuencia de tal requerimiento el inquilino desalojó el local en febrero de 1957. El día 4 de marzo, el inquilino le había pedido por escrito al arrendador que le informara cuándo estaría terminada la reparación ya que interesaba obtener su antiguo edificio, contestando el arrendador, que "esa parte de la ley que permitía anteriormente ocupar de nuevo el local o parte de él, ha sido derogada y declarada anticonstitucio-

nal, primero por una sentencia del Tribunal de Circuito de Boston y segundo por corroboración que hiciera el Tribunal Supremo de Puerto Rico" y le recomendaba tomar nota de esa situación para que siguiera ocupando el local al cual se había mudado. El 3 de mayo, en vista de que habían transcurrido más de dos meses desde que se desocupó el edificio sin que se iniciaran las obras, el inquilino requirió al arrendador por escrito para que volviese a alquilarle el local que ocupaba, requerimiento éste que no fue contestado. Por esos días de mayo, el arrendador alquiló parte del edificio desocupado a un nuevo inquilino que costeó de inmediato y pagó por la reparación hecha al edificio en la parte que se le arrendó. Un año más tarde, a la fecha en que se celebraba el juicio en este caso ante la Sala sentenciadora, en el resto del edificio no se había celebrado obra alguna. En el juicio el arrendador adujo como razón para no haber efectuado la obra la falta de recursos pero la prueba demostró que los arrendadores eran dueños de más de veinte propiedades, muchas de ellas libres de gravámenes.

Es indudable que en un cuadro de hechos como éste había margen para dudar de la buena fe del arrendador, puesto que se logra el desalojo del inquilino para arrendar enseguida la mitad de la propiedad a un nuevo inquilino que estuvo conforme en satisfacer los gastos de la reparación. Contrario al caso de *Martínez*, en este caso no se prueba que la demandada recurrente tuviera los suficientes recursos para proceder a la nueva edificación a pesar de haber demolido en su totalidad. Se asemeja más esta situación a un forzado retiro del mercado de alquileres de un inmueble en el cual la parte perjudicada resulta ser la propia arrendadora, situación que tal vez nos obligara a enfrentarnos a un posible problema de inconstitucionalidad.

*Por las razones expuestas se revocará la sentencia dictada por la Sala de Ponce del Tribunal Superior de Puerto*

Rico, de fecha 6 de diciembre de 1965, en el caso civil Núm. CS-63-2392 de dicha Sala.